# REESE LLP

<u>Via ECF</u>
Honorable Lorna G. Schofield
United States District Court
  for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Application **GRANTED**. The referenced letter may be filed with the proposed redactions. The unredacted version of the letter has been filed at Dkt. 42.

Dated: January 27, 2025
       New York, New York

*Lorna G. Schofield*
UNITED STATES DISTRICT JUDGE

    Re: <u>Vargas v. Barclays Bank Delaware</u>
         Case No. 24-cv-06549-LGS (S.D.N.Y.)

Dear Judge Schofield:

    My firm, along with our co-counsel, Laukaitis Law LLC, represent the plaintiff and the proposed class in the above-referenced action.

    We submit this letter to move pursuant to Your Honor's Individual Civil Rule I.D.3 to seal certain sections of the letter and all the exhibits attached thereto that were previously submitted by Defendant on January 15, 2025 (ECF No. 42).

    Data breaches and identify theft are of a major concern today. This concern is compounded where the allegations in an action are that a company entrusted with personally identifiable information ("PII") abused that trust and improperly disseminated PII to unauthorized third-parties. And that is exactly what is alleged in this action that Defendant did here. *See Complaint* (ECF No. 1) at p. 2, ¶ 1 ("This is a class action lawsuit against Barclays Bank for: (i) its unlawful disclosure of Plaintiff's personally identifiable information ("PII")).

    Multiplying this concern, is the fact that there are reports that Barclays was the target of a data breach in April of 2024 where it allegedly failed to safeguard its customers information. *See e.g. Alleged Cyberattack by Hacker Duo Targets HSBC and Barclays; Banks Deny Breach*, by Ashish Khaitan, May 10, 2024 available at [Barclays And HSBC Bank Data Breach Claimed By Hacker Duo](#) ("***the breach at Barclays reportedly occurred in April 2024, involving a security incident through a third-party contractor, ultimately leading to the leak of sensitive data***."). Moreover, this is not the first time that Defendant has reportedly failed to safeguard its customers confidential, personal financial information. *See e.g. Barclays Bank Leaks Thousands of Customer Records*, ComputerWeekly.com; by Warwick Ashford, February 10, 2014 available at [Barclays bank leaks thousands of customer records | Computer Weekly](#).

    The information we seek to have filed under seal is the type of information that hackers and other criminals seek to steal in data breaches in order commit identity theft. *See e.g., In re Geico Customer Data Breach Litig.*, case no. 2023 WL 4778646 (E.D.N.Y. July 21, 2023)(data breach involving theft of customer's driver's license numbers); *Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, 2016 WL 6523428 (S.D. Cal. 2016)(data breach involving theft of first and last names and credit cards numbers). Accordingly, we respectfully request that the information be filed under seal.

Honorable Lorna G. Schofield
*Vargas v. Barclays Bank*
Motion to Seal ECF No. 42
Page 2 of 2

                                                            Respectfully submitted,

                                                            Michael R. Reese

**Appendix Pursuant to Individual Civil Rule I.D.3**
Defendant and all counsel representing Defendant in this matter who are subject to the Confidentiality Order (ECF No. 37) should have access to the letter previously filed under seal (ECF No. 42).

THE FOLLOWING IS A PARTIALLY REDACTED VERSION OF ECF NO. 42
PREVIOUSLY FILED ON JANUARY 15, 2025

**SIDLEY**

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 212 839 6062
CCHIANESE@SIDLEY.COM

January 15, 2025

By ECF

Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *Vargas v. Barclays Bank Delaware*
            Case No. 1:24-cv-06549-LGS
            <u>Letter Regarding Plaintiff's January 9, 2025 Production</u>

Dear Judge Schofield:

    We represent Defendant Barclays Bank Delaware ("Barclays") in the above-captioned matter and write to provide an update following our letter of January 10, 2025 regarding Plaintiff Arthur Vargas's January 9, 2025 Court-ordered production. This letter is being submitted under seal because the production was designated by Plaintiff as "Confidential" pursuant to the Stipulated Confidentiality Order entered at ECF No. 37.

## REDACTED

    As a brief recap, Barclays sought to compel this matter to arbitration from the outset because Plaintiff alleged facts that could only be true if he is or was a Barclays customer, and Barclays customer agreements contain arbitration clauses that would cover the claims in this case. Barclays, however, could not identify Plaintiff's specific account based on the name and location, which was the only identifying information about him provided in the complaint. When Barclays

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

**SIDLEY**

Page 2

asked Plaintiff for basic information that would allow his account to be identified (such as his account number), Plaintiff's counsel insisted that such information could only be disclosed if there was a Court-ordered protective order, even though this information was clearly not confidential as to Barclays. And when Barclays asked Plaintiff to agree that a protective order would not waive Barclays' right to arbitration, he refused. Then, after Barclays moved to compel arbitration, Plaintiff opposed on the basis that Barclays had not identified his specific agreement to arbitrate, which was an impossible task without Plaintiff's name. Ultimately, after a further exchange of filings between the parties, *see* ECF No. 33, 35, the Court ordered Plaintiff to provide identifying information by January 8, 2025, *see* ECF No. 36.

On January 8, counsel for Plaintiff emailed counsel for Barclays at approximately 5:30 pm and stated that they "need a few more days to gather the account information" and offered to "agree to any additional time" Barclays would request in response. The following day, Barclays responded that it would not oppose an extension until January 10, but reminded Plaintiff that this was a Court-ordered deadline and so any relief had to be sought from this Court. Barclays did not request any extension and did not ask Plaintiff to seek additional time on its behalf. Plaintiff made his production later that same day, and then that evening, unilaterally filed a letter purporting to request an extension of Barclays' time to file its further submission. *See* ECF No. 38. In the

**REMAING SECTION OF PARAGRAPH REDACTED**

**REDACTED**

We thank the Court for its continued attention to this matter.

Respectfully submitted,

By: */s/ Christina Prusak Chianese*

Amy P. Lally (admitted *pro hac vice*)    Christina Prusak Chianese
SIDLEY AUSTIN LLP                          SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor       787 Seventh Avenue
Los Angeles, CA 90067                      New York, NY 10019

Case 1:24-cv-06549-LGS    Document 41    Filed 01/27/25    Page 4 of 9

# SIDLEY

Page 3

Telephone: (310) 595-9500  
Facsimile: (310) 595-9501  
Email: alally@sidley.com

Telephone: (212) 839-5300  
Facsimile: (212) 839-5599  
Email: cchianese@sidley.com

Ian M. Ross (admitted *pro hac vice*)  
SIDLEY AUSTIN LLP  
1001 Brickell Bay Drive  
Miami, FL 33131  
Telephone: (305) 391-5100  
Facsimile: (305) 391-5101  
Email: iross@sidley.com

*Counsel for Defendant Barclays Bank Delaware*

cc: All counsel of record (via ECF)

**THE FOLLOWING IS A PARTIAL REDACTION OF ECF No. 42-1**

# LaukaitisLaw

www.laukaitislaw.com
klaukaitis@laukaitislaw.com

January 9, 2025

**Via E-MAIL**
Christina Prusak Chianese, Esq.
Sidley Austin LLP
cchianese@sidley.com
787 Seventh Avenue
New York, New York 10019

RE: *Vargas v. Barclays Bank Delaware*, 1:24-cv-06549

Dear Christina,

# REDACTED

Respectfully yours,

Kevin Laukaitis

KL/dst

CC: Michael Reese, Esq.
    Charles Moore, Esq.

Case 1:24-cv-06543-LGS Document 47-2 Filed 01/27/25 Page 7 of 9

**REDACTED**