UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ARTHUR VARGAS,
                              Plaintiff,           24 Civ. 6549 (LGS)

         -against-                                ORDER

BARCLAYS BANK DELAWARE,
                              Defendant.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on August 29, 2024, Plaintiff brought this case alleging Defendant's unlawful disclosure and retention of Plaintiff's personally identifiable information.

      WHEREAS, the Order dated January 21, 2025, directed Plaintiff to explain how the Complaint complies with Rule 10(a) of the Federal Rules of Civil Procedure. On January 24, 2025, Plaintiff filed the letter as directed. On January 29, 2025, Defendant filed a response. Plaintiff's letter is construed as an application to proceed under a pseudonym.

      WHEREAS, Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of the complaint must name all the parties." This rule "serves the vital purpose of facilitating public scrutiny of judicial proceedings." *United States v. Pilcher*, 950 F.3d 39, 42 (2d Cir. 2020).[1] "Identifying parties in a proceeding is an important dimension of publicness, as people have a right to know who is using their courts." *Id.*

      WHEREAS, the Second Circuit, in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008), "set forth a balancing test under which courts should weigh the plaintiff's interest in anonymity against both the public interest in disclosure and any prejudice to the defendant." *Pilcher*, 950 F.3d at 42. Under the *Sealed Plaintiff* test, courts may consider the following ten

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

non-exhaustive factors:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of the prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

537 F.3d at 189-90.

WHEREAS, except for the sixth factor, which is neutral, all factors point against permitting Plaintiff to proceed under a pseudonym.

*Factor 1*: This factor disfavors the use of a pseudonym because the instant case is not "the type of unusual case involving matters of a highly sensitive or personal nature -- *i.e.*, claims involving sexual orientation, pregnancy, or minor children -- in which courts have justified anonymous plaintiffs proceeding pseudonymously." *See Michael v. Bloomberg L.P.*, No. 14 Civ. 2657, 2015 WL 585592, at *3 (S.D.N.Y. Feb. 11, 2015).

*Factors 2, 3 and 4*: These factors disfavor the use of a pseudonym because Plaintiff is not particularly vulnerable to significant harm from disclosure. The only harm Plaintiff identified was the risk of revealing his identity, which he had safeguarded by assuming a different name because he was the victim of an identity theft several years ago. These general concerns of

privacy do not constitute the type of physical, mental or other harm that may warrant anonymity. *See Taylor v. Doe*, No. 20 Civ. 3398, 2021 WL 2940919, at *5 (S.D.N.Y. July 12, 2021) (denying a party's application to proceed anonymously based solely on the party's prior identity theft and her fear of information leak since). Nor is Plaintiff particularly vulnerable due to his age.

*Factor 5, 8 and 9*: These factors disfavor the use of a pseudonym. Plaintiff is suing a private party, and the public has a significant interest in ensuring the case "not only advance[s] the parties' private interests, but also further[s] the public's interest in enforcing legal and social norms." *See Rapp v. Fowler*, 537 F. Supp. 3d 521, 532 (S.D.N.Y. 2021). Plaintiff's negligence and breach of contract claims also involve issues of fact, where "the public has a legitimate interest in knowing the underlying facts of a litigation, including the identities of the litigants." *See id.* Plaintiff identifies no other countervailing private interest that cuts against the public's right to information.

*Factor 6*: This factor is neutral because Defendant knows Plaintiff's identity and would not be prejudiced if Plaintiff were to use a pseudonym.

*Factor 7*: This factor strongly weighs against the use of a pseudonym because, while Plaintiff argued that he had been using the assumed name to safeguard his identity, he publicly associates the assumed name with his real name on social media.

*Factor 10*: This factor disfavors the use of a pseudonym because the protections embedded in Rule 5.2 of the Federal Rules of Civil Procedure -- which permits a party to redact certain private information, including filing only the last four digits of the financial-account number -- serve as an alternative mechanism to address Plaintiff's primary concerns about identity theft and financial risk. It is hereby

**ORDERED** that Plaintiff's application to proceed under a pseudonym is **DENIED**. The caption of the case will be amended to reflect Plaintiff's real name, unless Plaintiff intends to voluntarily dismiss the case in light of this Order and informs the Court by **February 26, 2025**.

Dated: February 20, 2025
       New York, New York

                                         **LORNA G. SCHOFIELD**
                                  **UNITED STATES DISTRICT JUDGE**