# REESE LLP

September 18, 2025

**VIA ECF**

Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Application **GRANTED**. The referenced exhibits may be filed with the proposed redactions. The unredacted versions of the exhibits have been filed under seal at Dkt. No. 78.

Dated: September 19, 2025
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:   Bennett v. Barclays Bank Delaware, Case No. 1:24-cv-06549-LGS (S.D.N.Y.)
      Plaintiff's Response to Defendant's Letter Motion for Adjournment (ECF No. 13)

Dear Judge Schofield,

On behalf of Plaintiff Leopold Bennett ("Plaintiff"), we write in accordance with Your Order on September 11, 2025, ECF No. 76, to address Defendant Barclays Bank Delaware's ("Barclays" or "Defendant") requests to seal documents ECF Nos. 70-1-70-6, 75-1-75-5. For the reasons set forth below, we respectfully request that the Court allow part, but not all, of Defendant's redactions as detailed in Plaintiff's proposed redacted documents.

In *Lugosch v. Pyramid Co. of Onondaga*, the Second Circuit established a rubric by which the courts should analyze whether documents should be sealed. *See Lugosch*, 435 F.3d 110 (2d Cir. 2006). First, the Court must establish that they are judicial documents, that is "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119. Since the documents at issue were filed in support of Defendant's Motion to Compel Arbitration, Plaintiff does not contest that they are judicial documents.

"Once the court has determined that the documents are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption." *Id.* "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (citation omitted). "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* (citation omitted).

Here, the documents at issue are being presented as evidence that Plaintiff obtained a copy of the terms of service for purposes of compelling arbitration. While the information Plaintiff wishes to redact appears in those documents, the information has no bearing on the question presented. As such, the public's presumption of access to this information should be given little weight.

Response to Order on Motion to Seal
September 18, 2025
Page 2 of 3

"Finally, after determining the weight of the presumption of access, the court must 'balance competing considerations against it.'" *Id.* (citation omitted). "Such countervailing factors include but are not limited to . . . 'the privacy interests of those resisting disclosure.'" *Id.* (citation omitted). As detailed below, the information Plaintiff seeks to redact falls into three categories: 1) home address; 2) financial account information; and 3) credit information, each of which presents significant privacy interests.

### Home Address

Plaintiff's home address appears in documents ECF Nos. 70-2, 70-3, 70-4, 70-5, and 70-6. Courts have recognized that such information can, and should be sealed. *See Monterey Bay Military Housing, LLC v. Ambac Assurance Crop.*, 2024 WL 5076424, at *2 (S.D.N.Y. Dec. 11, 2024) (granting motion to seal home address, phone number, and banking information); *Farris v. Avon Products, Inc.*, 2024 WL 4441811, at *4 (S.D.N.Y. Oct. 7, 2024) ("Typically, sealing of personal information 'such as the applicants' home addresses, personal phone numbers, and email addresses, that is not public' is warranted unless that information has bearing on issues before the court'"); *Anderson v. New York City Health & Hospitals Corp.*, 2020 WL 1047054, at*3 (S.D.N.Y. Mar. 4, 2020) ("On the other hand, the Court appreciates that there is certain information contained in the resumes, such as the applicants' home addresses, personal phone numbers, and email addresses, that is not public, has no bearing on this Court's Report and Recommendation on Defendants' Motion for Summary Judgment, and has been recognized by courts in this Circuit as the type of personal information that should be shielded from public disclosure"). As such, the privacy interests outweigh the public's presumption to this information, and should be sealed.

### Banking Information

Each document sought to be sealed includes information such as Plaintiff's account numbers. *See e.g.* ECF No. 70-1 (bank account number); 70-2 at 1 (number beginning "xxxx" included account number); 70-3 at 1 (number next to barcode are reference number to Plaintiff); 70-3 at 3 (account ID); 70-6 at 12 (TrueBlue Number); 75-1-75-3 (internal account numbers); 75-4-75-5 (account numbers). Such information is not relevant to the motion, but could be used by nefarious actors to connect Plaintiff with his financial accounts, placing him at greater risk of identity theft and fraud.

Additionally, the documents contain the balances in Plaintiff's accounts or his available credit lines. *See* ECF Nos. 70-2-70-6; 75-1-75-3. Such information his highly personal, and its disclosure would serve no purpose other than to embarrass Plaintiff.

Courts in this district have found personal banking and financial information to merit sealing. *See Monterey Bay Military Housing,* 2024 WL 5076424, at *2 (sealing banking information); *Averbach v. Cairo Amman Bank*, 2023 WL 4144758, at * (S.D.N.Y. June 23, 2023) ("Courts have recognized a privacy interest in certain banking information, particularly where such information may reveal sensitive personal financial information that could be misused if publicly released or that may cause a personal safety issue or embarrassment to the customer"); *Mark v. Gawker Media LLC*, 2015 WL 7288641, at *1 (S.D.N.Y. Nov. 16, 2015) (sealing personal bank account information).

Response to Order on Motion to Seal
September 18, 2025
Page 3 of 3

### Credit Information

Finally, the documents contain private credit information, such as Plaintiff's credit score and details as to what actions he has taken to merit such a score. *See* ECF Nos. 70-3 at 2, 70-4 at 7, 70-5 at 2, 70-6 at 11, 75-1-75-3. Courts in this district have sealed credit scores. *See KeyBank Nat'l Assoc. v. Element Trans. LLC*, 2017 WL 384875, at *1-2 (S.D.N.Y. Jan. 26, 2017) (sealing document containing "borrower's credit scores"). Additionally, if this information is disclosed, it would be embarrassing to Plaintiff without serving a purpose in resolving the motion.

### Conclusion

Plaintiff has attempted to limit the information sought to be sealed to the minimum necessary to protect his privacy interests. For the information he does seek to seal, those privacy interests dramatically outweigh the public's presumption of access. As such, Plaintiff respectfully requests the Court grant the limited seal Plaintiff proposes.

Respectfully submitted,

Charles D. Moore